IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GENEVA ANN DEAN,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO. 1:22-CV-28
(KLEEH)**

**SN SERVICING CORP, and
U.S. BANK TRUST NATIONAL ASSOCIATION
AS TRUSTEE OF THE IGLOO SERIES IV TRUST,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

On November 30, 2021, the plaintiff, Geneva Dean ("Plaintiff"), commenced this action against the defendants, SN Servicing Corp, and U.S. Bank Trust National Association (collectively, "the Defendants"),[1] in the Circuit Court of Marion County, West Virginia [ECF Nos. 1-1 at 4-15]. She asserted claims for violations of the West Virginia Consumer Credit Protection Act, breach of contract, and unconscionability related to the Defendants' abusive mortgage loan lending and servicing. Id. The Defendants timely removed the case to this Court based on diversity of citizenship [ECF No. 1].

The Plaintiff moved to remand the case to state court [ECF

---

[1] Although the Plaintiff initially included Fay Servicing, LLC as a defendant in this action, she dismissed her claims against it with prejudice on November 10, 2022 [ECF No. 36].

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 2 of 19 PageID #: 240

**DEAN V. SN SERVICING CORP, ET AL.                         1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

No. 8] and later moved for leave to file an amended complaint [ECF No. 24]. Thereafter, SN Servicing Corp ("SN Servicing") moved to amend its answer and assert a counterclaim [ECF No. 38]. The parties' motions are fully briefed and ripe for review. For the reasons that follow, the Court **DENIES** the Plaintiff's motion to remand [ECF No. 8] and **GRANTS** the parties' motions to amend their pleadings [ECF Nos. 24, 38].

## I.   Factual Allegations

As it must, the Court construes the following facts in the light most favorable to the Plaintiff. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). This case relates to the alleged wrongful actions of U.S. Bank Trust National Association as trustee of the Igloo Series IV Trust ("US Bank"), in originating the Plaintiff's mortgage ("the Loan") and SN Servicing's actions in servicing the Loan [ECF No. 1-1].

On June 23, 2008, the Plaintiff and her husband sought a loan from Wells Fargo Financial ("Wells Fargo") to buy out her brother's interest in a home located in Marion County. Id. at ¶¶ 2, 6-7. Although they needed only $20,000 to complete the transaction, Well Fargo employees pressured the Plaintiff and her husband to obtain a loan for twice that amount to pay off their outstanding, unsecured debts. Id. at ¶ 7. They agreed and executed a Deed of Trust, securing a fifteen-year mortgage loan for the principal sum

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 3 of 19 PageID #: 241

**DEAN V. SN SERVICING CORP, ET AL.**                                    **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

of $44,636 with an 11.5% interest rate. Id. at ¶¶ 6, 8. Wells Fargo misrepresented that this was the best interest rate for which the Plaintiff could qualify. Id. at ¶ 10.

Fay Servicing, LLC ("Fay Servicing") became the loan servicer in 2019. Id. at ¶ 12. Sadly, the Plaintiff's husband passed away on June 5, 2019, causing her to fall behind on the Loan. Id. at ¶ 13. She requested payment assistance from Fay Servicing but, in April 2020, it denied her request and informed her that she would be required to make a lump sum payment if she wished to reinstate the Loan. Id. at ¶ 15. Although Fay Servicing gave the Plaintiff conflicting information about the amount of the payment required, she paid $6,508.4 as directed in June 2020. Id. at ¶¶ 16-17. Fay Servicing applied $4,268.49 to the principal and interest, $1,309.06 to escrow, and the remaining $930.89 to "illegal late fees and other illegal loan charges." Id. at ¶¶ 18-19. The Plaintiff then resumed her monthly payments. Id. at ¶ 20. SN Servicing thereafter became her loan servicer in December 2020. Id. at ¶ 21.

The Plaintiff contends that both Fay Servicing and SN Servicing miscalculated the interest due on the Loan, causing her to unknowingly fall further and further behind. Id. at ¶¶ 22-27. "As a result, when the Loan reaches maturity in two years, Plaintiff will likely still owe a large sum of principal, and if

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 4 of 19   PageID #: 242

**DEAN V. SN SERVICING CORP, ET AL.**                                1:22CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

she is unable to pay the amount, she will lose her home to foreclosure." Id. at ¶ 28.  The Plaintiff also alleges that these servicers have charged her illegal attorneys' fees and late fees and have not properly applied her payments to the Loan. Id. at ¶¶ 29-36.  Finally, she asserts that SN Servicing has sent her confusing and misleading billing statements that misrepresented the amount she owed on the Loan and threatened her with unauthorized fees. Id. at ¶¶ 37-42.

On September 1, 2021, the Plaintiff sent a letter to the Defendants notifying them that they had violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code 46A-2-115, et seq. and giving them an opportunity to cure the alleged violations.  Id. at ¶ 43.  U.S. Bank and SN Servicing received this letter on September 8, 2021, and September 9, 2021, respectively.  Id.

After the Defendants failed to cure their violations within forty-five (45) days, the Plaintiff commenced this lawsuit asserting three causes of action.  In Count I, she contends that the Defendants' illegal debt collection practices violate the WVCCPA. Id. at ¶¶ 46-52.  She requests "[a]ctual damages and appropriate civil penalties for each violation." Id.  In Count II, she alleges that the Defendants breached the Deed of Trust and seeks "a declaration that Defendants violated the contract by

4

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 5 of 19   PageID #: 243

**DEAN V. SN SERVICING CORP, ET AL.**                                1:22CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

calculating interest in a manner not authorized by contract, and recalculation of the amount owed on the loan had interest been properly calculated" as well as actual damages. Id. at ¶¶ 53-64. Finally, in Count III, the Plaintiff asserts the common law contract defense of unconscionability and asks the Court to declare the Deed of Trust unenforceable. Id. at ¶¶ 65-71. The Plaintiff also generally alleges that she "suffered annoyance and inconvenience; stress and worry; and fear of loss of home," id. at ¶ 45, and seeks attorneys' fees, costs and any other relief as the Court deems appropriate.

## II.  Plaintiff's Motion to Remand

A party may remove to federal court any state "civil action where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  28 U.S.C. §§ 1332(a), 1441(a).  When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (4th Cir. 1994).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." Id.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 6 of 19   PageID #: 244

DEAN V. SN SERVICING CORP, ET AL.                                    1:22CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

diversity of citizenship under 28 U.S.C. § 1332.

When a party seeks removal based upon diversity of citizenship, that party bears the burden of establishing "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332. "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction," Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted), and must resolve all doubts about the propriety of removal in favor of remanding the case to state court. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

Here, the parties do not dispute that the Defendants timely removed this case from state court or that the parties are diverse [ECF Nos. 1 at 3; 1-1 at ¶¶ 2-3, 5; 9 at 1-3]. Thus, the only question for the Court is whether the amount in controversy requirement has been satisfied.

**A.   Applicable Law**

An action must be fit for federal adjudication at the time the removal petition is filed. See 28 U.S.C. § 1441(a); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010). If the complaint does not contain a specific amount of damages or amount in controversy, "the removing defendant must prove by a

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 7 of 19 PageID #: 245

**DEAN V. SN SERVICING CORP, ET AL.**                              **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

preponderance of the evidence that the amount in controversy exceeds [$75,000]." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (quotation omitted); see also Zink v. Doe, 2014 WL 1725812, at *2 (N.D.W. Va. May 1, 2014) ("In order to meet the preponderance of the evidence standard and establish that removal is proper, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.").

"Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "To resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (quoting Dart, 574 U.S. at 88). The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

"The question is not what damages the plaintiff will recover, but what amount is in controversy between the parties." Lanier v. Norfolk S. Corp., 256 F. App'x 629, 631-32 (4th Cir. 2007). "When

7

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 8 of 19 PageID #: 246

**DEAN V. SN SERVICING CORP, ET AL.**                                1:22CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands." Scott, 865 F.3d at 194.  A plaintiff's claims can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other.  See Synder v. Harris, 394 U.S. 332, 335 (1969).

**B.   Amount in Controversy**

Because the Plaintiff's complaint does not allege a specific amount of damages, the Defendants must prove that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence.  The Plaintiff seeks statutory penalties, actual damages, attorneys' fees and costs, reformation of the Deed of Trust, and/or a declaration that the Deed of Trust is unenforceable.  The Court turns to consider whether the aggregate amount in controversy exceeds $75,000.

**1.   WVCCPA Civil Penalties**

The Plaintiff's request for civil penalties for the Defendants' violations of the WVCCPA make up a major portion of the monetary relief available to her.  While the parties do not dispute that the Plaintiff can recover $1,000 for each violation, they disagree as to the total number of WVCCPA violations alleged in her complaint.  The Defendants estimate that the complaint

Case 1:22-cv-00028-TSK  Document 40  Filed 03/22/23  Page 9 of 19 PageID #: 247

**DEAN V. SN SERVICING CORP, ET AL.**                                        **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

contains fifty-two (52) alleged violations, which would allow her to recover $52,000 [ECF No. 1 at 5-6]. The Plaintiff, on the other hand, contends that her complaint contains only forty (40) alleged violations, which would allow her to recover $40,000 [ECF No. 9 at 6-7]. Thus, the civil penalty amount at issue for the Plaintiff's WVCCPA claims is between $40,000 and $52,000. But, ultimately, the total number of WVCCPA violations alleged does not determine whether the amount in controversy exceeds the jurisdictional threshold. Because the Court would reach the same conclusion regardless of whether the Plaintiff has alleged forty (40) or fifty-two (52) violations, there is no need to resolve the parties' dispute on this issue.

2. **Attorneys' Fees**

The Court may consider attorneys' fees in its amount in controversy calculation only if they are specifically provided for in the state statute at issue. Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933). In this case, attorney fees are available pursuant to WVCCPA,[2] and the Defendants suggest that a reasonable estimate of the Plaintiff's fee award under this statute would be between $10,000 and $25,000.[3] Although statutory attorney

---

[2] Specifically, § 46A-5-104 allows the court to award "reasonable attorney fees" for any WVCCPA claim alleging "illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice."
[3] The Defendants base their estimate on several cases from the Southern District of West Virginia. See ECF No. 1 at 7-8 (citing Maxwell v. Wells Fargo Bank,

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 10 of 19   PageID #: 248

**DEAN V. SN SERVICING CORP, ET AL.**                              **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

fees might be available in this case, "[a]t this stage of litigation, . . . an estimate of attorneys' fees is pure speculation, and thus, on this record, cannot be used to augment the amount-in-controversy calculation." See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 736 n.12 (4th Cir. 2009). Accordingly, the Court does not include the Defendants' estimation of attorneys' fees its determination of the amount in controversy.

### 3. Actual Damages for WVCCPA Violations and Breach of Contract

The Plaintiff may also recover actual damages for the Defendants' violations of the WVCCPA and alleged breach of contract. In her complaint, she alleges that the servicers miscalculated the interest on the Loan by using a daily accrual method, rather than the standard pre-computed interest rate, which reduced the amount of her payments applied to the principal [ECF No. 1-1 at ¶¶ 22-28, 57, 64]. She estimates that she owes $4,000 more on the Loan due to their miscalculation of interest [ECF No. 9 at 8]. She also alleges that the Defendants improperly charged her $930.89 in fees at the time she reinstated the Loan, $435 in attorneys' fees in February 2020, and $156.42 in late fees between

---

N.A., 2009 WL 3293871, at *4 (S.D.W. Va. Oct. 9, 2009), and Patton v. Fifth Third Bank, 2006 WL 771924, at *3 (S.D.W. Va. Mar. 24, 2006). More recent cases from that district, however, have found that an estimate of attorneys' fees unsupported by evidence is too speculative to be considered as part of the amount in controversy. See e.g., Woodfell v. Gateway Mortg. Grp., LLC, 2020 WL 3964758, at *7 (S.D.W. Va. July 13, 2020).

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 11 of 19   PageID #: 249

**DEAN V. SN SERVICING CORP, ET AL.**                             **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

December 2019 and September 2020 [ECF No. 1 at ¶¶ 30, 32, 60]. The Plaintiff also seeks damages for "annoyance and inconvenience; stress and worry; and fear of loss of home" [ECF No. 1-1 at ¶ 45]. The Defendants contend that this claim alone satisfies the amount in controversy requirement. But their estimate lacks any factual support and is based purely on speculation. The Court therefore notes that this request for relief would increase the amount in controversy but does not include any estimate of damages for these alleged harms in its calculation. The Court therefore concludes that the Plaintiff seeks approximately $5,522.31 in actual damages for the Defendants' alleged violations of the WVCCPA and breach of contract.

The Defendants argue that the actual damages at issue in this case significantly exceed $5,522.31 because (1) the Plaintiff has asked the Court to reduce the Loan's interest rate from 11.5% to 5.91%, the average interest rate at the time she executed the Deed of Trust, and (2) the Plaintiff seeks $24,636 in actual damages as reimbursement for the amount Wells Fargo employees pressured her to take out above the $20,000 she initially sought [ECF No. 25 at 3-4]. But this misstates the relief sought in the complaint. The Plaintiff does not request a declaration limiting the maximum interest rate or reducing the amount of the Loan. Nor does she seek reimbursement for any amount above the $20,000 needed to buy

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 12 of 19   PageID #: 250

**DEAN V. SN SERVICING CORP, ET AL.**                                       **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

out her brother's share of the property. Accordingly, the Court does not include the Defendants' estimates for potential damages related to these harms in its amount in controversy calculation.

**4.   Equitable Relief**

Finally, in Count III, the Plaintiff alleges that the Deed of Trust is "procedurally and substantively unconscionable, and thus cannot be enforced as written" [ECF No. 1-1 at 14]. She "requests that the Court declare the deed of trust unenforceable and all such other equitable relief to which Plaintiff may be entitled." Id. The Defendants contend that the amount at issue in this claim is the principal sum of the Loan, $44,636; while the Plaintiff asserts that the amount at issue is the principal balance remaining on the Loan, approximately $12,700.

Where an action seeks declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). This is measured by "the pecuniary result to either party which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).

Under West Virginia law, "[t]he doctrine of unconscionability means that, because of an overall and gross imbalance, one-sidedness or lop-sidedness in a contract, a court may be justified

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 13 of 19   PageID #: 251

**DEAN V. SN SERVICING CORP, ET AL.**                                    **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

in refusing to enforce the contract as written." Brown v. Genesis Healthcare Corp., 729 S.E.2d 217, 226 (W. Va. 2012). "If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result." Id., at 227.

"[W]hen a plaintiff asks a court to declare a contract null and void, the focus of the amount in controversy inquiry is the value of the contract to either party." Lang v. Wells Fargo Home Mortg., Inc., 2013 WL 12210772, at *3 (N.D.W. Va. Sept. 23, 2013) (citing Dixon, 290 F.3d at 710-11); see also Smalls v. Credit Acceptance Corp., 2017 WL 11311516, at *8 (D.S.C. Mar. 23, 2017) ("[T]he Court measures the amount in controversy with respect to the unconscionability claim by the value of the contracts at issue."). In other words, "the Deed of Trust is the object of the litigation for determining the amount in controversy" when the plaintiff seeks equitable relief declaring the contract null and void. Wright v. Fannie Mae, 2013 WL 5276554, at *3 (D. Md. Sept. 16, 2013).

Here, by requesting that the Court declare the Deed of Trust unenforceable, the Plaintiff has put the value of the Loan in controversy. The amount of principal the Plaintiff is obligated

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 14 of 19   PageID #: 252

**DEAN V. SN SERVICING CORP, ET AL.**                                1:22CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

to pay under the Deed of Trust is $44,636. If the Court were to find the Loan unconscionable, it could invalidate the entire agreement. Such relief would cost the Defendants at least the total value of the principal. Other courts in this Circuit have reached the same conclusion. See e.g., Smalls v. Credit Acceptance Corp., 2017 WL 11311516, at *8 (D.S.C. Mar. 23, 2017) (denying motion to remand because the total amount of principal and interest that the plaintiff was obligated to pay over the life of the loan exceeded $75.000 and the court could invalidate the entire loan agreement based on the plaintiff's unconscionability claim); O'Neal v. Quicken Loans, Inc., 2016 WL 3597593, at *3 (D.S.C. July 5, 2016) (same); Lang, 2013 WL 12210772, at *3 (explaining that the plaintiffs put the total amount of their loans at issue when they asked the Court to invalidate them, alleging unconscionable inducement).

### 5. Summary of Damages

As explained, the Plaintiff has alleged at least $40,000 in civil penalties, $5,522.31 in actual damages, and $44,636 in equitable relief. Thus, because the amount in controversy is at least $90,158.31, the Court **FINDS** the exercise of removal jurisdiction to be appropriate and **DENIES** the Plaintiff's motion to remand [ECF No. 8].

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

### III. <u>Motions to Amend</u>

The Court next considers the Plaintiff's motion to amend her complaint and SN Servicing's motion to amend its answer.

**A.    Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny a motion to amend is within the discretion of the Court.  <u>See</u> <u>Scott v. Family Dollar Stores, Inc.</u>, 733 F.3d 105, 121 (4th Cir. 2013).  Nonetheless, the Supreme Court of the United States has set forth factors that courts should weigh when applying Rule 15(a)(2).  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986).  Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." <u>Johnson</u>, 785 F.2d at 509

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 16 of 19   PageID #: 254

**DEAN V. SN SERVICING CORP, ET AL.**                                      **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

(citing Foman, 371 U.S. at 182) ("the Foman factors").

The first factor, whether there is prejudice to the opposing party, can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party. Johnson, 785 F.2d at 510. An amendment's level of prejudice "will often be determined by the nature of the amendment and its timing." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)).

The second factor is whether the party seeking to amend is doing so in bad faith. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Center, Inc., 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))). In assessing this factor, the court may consider the movant's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cty Sch. Bd., 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted)).

The third factor weighs against granting leave to amend when that amendment would be futile. Johnson, 785 F.2d at 509-10. Even in the absence of prejudice and bad faith, a court should still deny leave to amend on the basis of futility when the amended complaint would not survive a motion to dismiss, Perkins v. United

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 17 of 19   PageID #: 255

**DEAN V. SN SERVICING CORP, ET AL.**                               **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

States, 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510.

**B.   Plaintiff's Motion to Amend Complaint**

The Plaintiff seeks leave to amend her complaint to clarify her breach of contract allegation and to add facts relating to her claims against SN Servicing, including allegations related to conduct that occurred following the filing of the complaint [ECF No. 24]. Because SN Servicing opposes the Plaintiff's motion, she may only amend her complaint with leave. Upon careful consideration of the Foman factors, the Court finds her motion should be granted.

First, the Plaintiff's proposed amendment is not prejudicial due to its nature and timing. In the Fourth Circuit,

> [w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber, 438 F.3d at 427 (alteration in original). This litigation is in its earliest stages as the Court has not yet entered a Scheduling Order. Furthermore, the proposed amendment adds factual support for the Plaintiff's existing causes of action and

Case 1:22-cv-00028-TSK   Document 40   Filed 03/22/23   Page 18 of 19   PageID #: 256

**DEAN V. SN SERVICING CORP, ET AL.**                                    **1:22CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

does not raise any new legal theory.

Second, nothing in the record suggests that the Plaintiff's amendment is sought in bad faith. Although SN Servicing takes issue with the fact that there was a delay of six (6) months between the Plaintiff's filing of her initial complaint and her motion to amend, this delay alone is an insufficient reason to deny her request to amend. Hart, 495 Fed. App'x at 314.

Finally, the Plaintiff's proposed amendment would not be futile. SN Servicing asserts that some of Plaintiff's new allegations are unsupported by the facts of the case. But such facts must be developed through formal discovery. Based on the record before it, the Court cannot say that the Plaintiff's claims would not survive a motion to dismiss or that her proposed amended complaint is insufficient or frivolous on its face.

Because all three Foman factors weigh in favor of the Plaintiff, the Court grants her motion for leave to amend the complaint.

**C.   SN Servicing's Motion to Amend Answer**

SN Servicing seeks leave to amend its answer to add a counterclaim [ECF No. 38]. It contends that the Plaintiff has breached the Deed of Trust by failing to make monthly payments on the Loan and by failing to submit funds for the payment of property taxes and homeowner's insurance. The Plaintiff's opposition to SN

Case 1:22-cv-00028-TSK Document 40 Filed 03/22/23 Page 19 of 19 PageID #: 257

**DEAN V. SN SERVICING CORP, ET AL.** 1:22CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [ECF NO. 8], GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 24], AND GRANTING MOTION TO AMEND ANSWER [ECF NO. 38]**

Servicing's motion is not based on any of the Foman factor but rather, on its argument that the Court lacks removal jurisdiction. As discussed above, the amount in controversy exceeds $75,000 and the Court has diversity jurisdiction over this case. Because SN Servicing's proposed amendment would not be prejudicial or futile and is not sought in bad faith, the Court grants its motion for leave to amend its answer.

## IV. Conclusion

For the reasons discussed, the Court **DENIES** the Plaintiff's motion to remand [ECF No. 8] and **GRANTS** the parties' motions to amend their pleadings [ECF Nos. 24, 38]. The parties shall submit their amended pleadings in accordance with the Court's forthcoming Scheduling Order.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

Dated: March 22, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA